UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JOHN MILLARD OXENDINE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-150-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

**** **** **** ****

James Millard Oxendine is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Oxendine has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal firearm conviction. [D. E. No. 1] Oxendine has paid the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Oxendine's petition under a more

lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Oxendine can not pursue his claims under 28 U.S.C. § 2241. The Court will also deny as moot Oxendine's motion seeking the appointment of counsel [D. E. No. 4].

## CRIMINAL CONVICTION AND APPEAL

In September 2004, a federal jury in North Carolina convicted Oxendine of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Oxendine*, No. 1:04-CR-258-JAB-1 (M.D.N.C. 2004). Oxendine objected under *Blakely v. Washington*, 542 U.S. 296 (2004), to the pre-sentence investigation report's conclusion that under § 4B1.4(b)(3)(B) of the United States Sentencing Guidelines ("USSG"), he qualified as an armed career criminal. The district court, however, overruled Oxendine's objection, adopted the pre-sentence investigation report, and sentenced him to a 235-month prison term.

Oxendine appealed, arguing among other things that under *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), his offense level should have been 14 instead of 33 because the jury did not find that he had the requisite prior felony convictions

2

for armed career criminal status.  The Fourth Circuit rejected Oxendine's arguments, noting that because Oxendine did not contest any facts about his prior convictions identified as predicate felonies, "...the district court did not consider any facts Oxendine did not admit, and the court's determination of armed career criminal status did not violate the Sixth Amendment."  *Oxendine*, 150 F. App'x at 242.  Oxendine requested, but was denied, a petition for writ of *certiorari*.  *Oxendine v. United States*, 546 U.S. 1122 (Jan. 9, 2006), *reh'g denied*, 546 U.S. 1212 (Feb. 21, 2006).

Oxendine does not allege that he filed a motion in the district court to set aside his sentence under 28 U.S.C. § 2255.  A search of the federal court system's online PACER database indicates that Oxendine did not file a § 2255 motion.

## CLAIMS ASSERTED IN § 2241 PETITION

In the instant § 2241 petition, Oxendine argues that the his sentence is unconstitutional because the district court in North Carolina, rather than the jury, determined that he had been convicted of the prior offenses which formed the basis of his enhanced sentence under USSG § 4B1.4(b)(3)(B).  Oxendine contends that his 235-month sentence violates both his Fifth Amendment right to due process of law, and his Sixth Amendment right to have a jury determine all of the factual predicates

3

of the charged offense, including any facts which pertain to an increased sentence.[1] In support of his argument, Oxendine relies on a recent decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

**DISCUSSION**

Oxendine is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Oxendine challenges the constitutionality of his underlying federal conviction and sentence on Fifth and Sixth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

---

[1] Oxendine further alleges that his conviction and sentence violate the 7th, 8th, 13th and 14th Amendments of the U.S. Constitution. [D. E. No 1-1, pp. 3 and 5]

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became

5

final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *Prevatte*, 300 F.3d at 800-801; *Eiland v. Rios*, No. 7:07-CV-83-GFVT (E.D. Ky. May 3, 2007), *aff'd*, No. 07-5735 (6th Cir. Nov. 28, 2007) (same). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Oxendine contends that *Alleyne* establishes a constitutional right to have all elements of the offense charged in the indictment and proven beyond a reasonable doubt to the jury; is a new rule of law which applies retroactively; and affords him relief from his sentence.

6

Case: 0:13-cv-00150-HRW Doc #: 5 Filed: 11/25/13 Page: 7 of 10 - Page ID#: 60

However, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. This Court has determined that with respect to a motion filed under § 2255 seeking relief from a sentence, *Alleyne* does not apply retroactively. *See United States v. Potter*, No. 7:03-21-DCR, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E. D. Ky. July 31, 2013) (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). This Court has also consistently held that *Alleyne* does not afford retroactive relief to a petitioner seeking relief under § 2241. *See Smith v. Holland*, No. 13-CV-147–KKC, 2013 WL 4735583, at *4 (E. D. Ky. Sept. 3, 2013); *Parks v. Sepanek*, No. 13-CV-109-HRW, 2013 WL 4648551, at *3 (E.D. Ky. Aug. 29, 2013); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013).

At least three other district courts in this circuit have similarly determined that *Alleyne* does not apply retroactively to cases on collateral review. *See Mingo v. United States*, No. 1:03-CR-203–05; No. 1:13-CV-787, 2013 WL 4499249, at *2 (W.D. Mich., Aug. 19, 2013) (denying § 2255 motion because "The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *Bowers v. Coakley*, No. 4:13 CV 332, 2013 WL 4084104, at *3 (N.D. Ohio August 13, 2013) (holding that *Alleyne*

7

did not provide relief under § 2241 because it "...is not such an intervening change in the law and does not decriminalize the acts which form the basis of [the petitioner's] conviction."); *United States v. Eziolisa*, No. 3:10-CR-039, No. 3:13-CV-236, 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that because *Alleyne* neither places any primary conduct beyond the power of the United States to punish, nor adopts a "watershed" rule, it does not apply retroactively to a motion for relief from sentence filed under § 2255). Based on this authority, the Court is unable to conclude that *Alleyne* affords Oxendine any retroactive relief.

Additionally, Oxendine does not allege that he is actually innocent of the underlying offense of which he was convicted, *i.e.*, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Instead, based on the rule announced in *Alleyne*, Oxendine contends only that the district court improperly determined that he was an armed career criminal and then improperly enhanced his sentence under USSG § 4B1.4(b)(3)(B). The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Federal courts in this and other circuits have consistently held that a challenge to a sentence, as opposed to a conviction, is not a claim of "actual innocence" which may be pursued

8

under § 2241. *Hayes*, 473 F. App'x at 502 ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims").

Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence as to their underlying convictions, not their enhanced sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

In summary, because Oxendine has not established a claim of actual innocence based on the *Alleyne* decision, he is not entitled to proceed under § 2241. The Court will deny his petition, dismiss this proceeding, and overrule as moot Oxendine's motion seeking the appointment of counsel.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

9

1.     John Millard Oxendine's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2.     Oxendine's motion seeking the appointment of counsel [D. E. No. 4] is **OVERRULED** as **MOOT**.

3.     The Court will enter an appropriate judgment; and

4.     This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 25, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge